UNITED STATES of America, Appellee

v.

Jermaine MOORE, Appellant.

No. 09–3126.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 14, 2014.

Rehearing En Banc Denied
May 19, 2014.

Elizabeth Trosman, Esquire, Patricia Ann Heffernan, USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

Deborah A. Persico, Deborah A. Persico, PLLC, Washington, DC, Warden (Terre Haute USP), United States Penitentiary, Terre Haute, IN, for Appellant.

Before: ROGERS, Circuit Judge, and WILLIAMS and SENTELLE, Senior Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs submitted by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The Court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

After a nine-count indictment was filed against him, appellant Jermaine Moore reached an agreement with the government and pled guilty to two counts of transportation of a minor with intent to engage in criminal sexual activity and aiding and abetting, and one count of assault. After a sentencing hearing, Moore was sentenced to 204 months imprisonment.

Moore states that on the day before sentencing the government filed a memorandum containing numerous allegations of serious criminal conduct, none of which was charged in the indictment or contained in the plea agreement, and that at the sentencing hearing the prosecutor proffered those and even more allegations, much of which was never agreed to, conceded, or admitted by him. He argues that his sentence should be vacated and his case remanded for re-sentencing because the district court committed error when it relied upon this information in imposing its 204–month sentence. We disagree that the district court relied upon this information at sentencing.

Although the government's day-before-sentencing memorandum and the prosecutor's statements at the sentencing hearing may have included unsubstantiated evidence, the district court's colloquy with Moore at the sentencing hearing did not mention any of these contested, last-minute factual proffers by the government. Instead, the court repeatedly referred to conduct included in the *Statement of the Offense* attached to the plea agreement and the Pre–Sentence Report ("PSR"). Moore acknowledges that the *Statement of the Offense* fairly and accurately described his actions and involvement in the offenses to which he pled guilty. And the offense conduct stated in the PSR restated, essentially verbatim, that of the *Statement of the Offense*. We conclude that Moore's claim of error by the district court is not borne out by the record.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed R.App. P. 41(b); D.C.Cir. R. 41.